UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GUILLERMO FUENTES,**

   **Plaintiff,**

vs.                                            CASE NO. 4:23-CV-00346-AW-MAF

**CENTURION OF FLORIDA, LLC,**
**et al.,**

   **Defendants,**
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Guillermo Fuentes, no stranger to the federal courts, is a prisoner proceeding *pro se.* Plaintiff filed an amended complaint, under 42 U.S.C. § 1983, and a second incomplete motion to proceed *in forma pauperis* (IFP), which is due to be denied. ECF Nos. 10, 11. The Court screened the complaint under 28 U.S.C. § 1915A and construed Plaintiff's allegations liberally. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). This case should be dismissed as malicious because Plaintiff affirmatively misrepresented his litigation history. Plaintiff's IFP motion is addressed first.

I.   **Plaintiff's Motion to Proceed IFP, ECF No. 11, is Denied.**

Plaintiff submitted an IFP motion on the form used by non-prisoners.

ECF No. 11. Plaintiff is aware that he is required to use the prisoner form; and the Court previously advised him on the proper course of filing. In fact, at the initiation of this case, Plaintiff used the proper form. ECF No. 2. The Court initially denied the motion because (1) Plaintiff did not include the required prisoner consent form and financial certificate and (2) his account statements contradicted his disclosures. See ECF Nos. 2, 5.

Plaintiff submitted the non-prisoner IFP application and, again, did not include the prisoner consent form and financial certificate. ECF No. 11. On a regular basis, Plaintiff receives deposits into his inmate account. Id., pp. 7-9. Without the proper IFP form and prisoner consent form and financial certificate, the motion shall be **DENIED**.

## II. Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury . . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)

(affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal without prejudice as malicious where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. When a

plaintiff has maliciously abused the judicial process dismissal is warranted.[1]

### III.  Plaintiff's Amended Complaint, ECF No. 10.

Plaintiff sued Centurion of Florida, LLC, and K. Johnson, APRN., in their individual- and official capacities. ECF No. 10, pp. 1-3. Plaintiff alleges they have not provided him with adequate medical treatment for his serious skin conditions, osteoporosis, arthritis, and other medical conditions. Id., p. 5. Plaintiff claims to suffer from pain, a rash, itching, and bleeding, which continues to worsen. Id., p. 6. Plaintiff describes his various ailments going back nearly thirty years. Id., pp. 7-8. Plaintiff claims that from July 9, 2021, until April 14, 2022, Johnson denied him medications. Id., p. 8. Plaintiff filed grievances. Id. Plaintiff claims that he suffered a heart attack and several fainting spells, which could have been prevented; and he had several eye surgeries causing irritation, redness, pain, and loss of vision, but treatment was delayed. Id., pp. 10-11. Once Plaintiff was transferred to RMC in April 2022, he began to receive proper health care. Id., p. 11.

Plaintiff alleges violations of his Eighth- and Fourteenth Amendment rights. Id., p. 14. Plaintiff seeks declaratory relief, compensatory- and

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

punitive damages, and any other relief deemed proper. Id., pp. 15-16. Plaintiff signed the amended complaint affirming, under the penalty of perjury, that all information in the complaint -- including his litigation history --- was "true and correct." Id., p. 21. Plaintiff failed to disclose several federal cases.

## IV. Plaintiff's Affirmative Misrepresentations

On the complaint form, Section VIII. PRIOR LITIGATION, advises:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

ECF No. 10, p. 17. Section VIII, Question A asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" Id., p. 18. Such cases count as "strikes" under the Prisoner Litigation Reform Act. Plaintiff responded, "Yes." Id. Plaintiff listed two cases: S.D. Fla. No. 9:16-cv-81047-RLR, a Section 1983 case, and the appeal of the same to the Eleventh Circuit Court of Appeals in Case No. 18-10318-B. Id. Plaintiff did not disclose N.D. Fla. No. 4:19-cv-548-WS-HTC, which was dismissed for abuse of the judicial process. In that case, the magistrate judge identified eight federal cases

Plaintiff failed to disclose. N.D. Fla. No. 4:19-cv-548-WS-HTC, D.E. 22. That dismissal counts as a *third* strike. See Rivera, 144 F.3d at 731 ("dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)"); see also Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008).

In Section VIII, Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 10. Plaintiff answered, "Yes." Id. However, Plaintiff hardly provided any information about the cases, certainly not enough to be considered as even an attempt to disclose his litigation history. For example, to list a state case as "State v. Fuentes" and then assert that the case number, judge, filing date, dismissal dates, or disposition of the case are all "unknown" is wholly inadequate. ECF No. 10, p. 20. In subsequent sections, Plaintiff stated "same as above" to serve as the identification of two more cases. Id. Similarly, Plaintiff stated "Fuentes v. State" was a federal case, again, with an unknown case number, court, judge, filing date, dismissal date, and disposition.

Plaintiff had six federal cases filed in federal district courts in the Southern- and Northern Districts of Florida. He disclosed just one. Plaintiff had four cases in the Eleventh Circuit Court of Appeals. He disclosed one.

This is insupportable particularly given the report in N.D. Fla. No. 4:19-cv-548-WS-HTC, where the magistrate judge laid out eight cases Plaintiff did not disclose. Not only did Plaintiff fail to disclose the federal cases, in the instant case, he did not disclose any state cases in which he challenged his conviction or conditions of confinement. This Court will not list all the cases Plaintiff did not disclose because it will not assume his responsibility.

Plaintiff knows that prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. This Court previously dismissed one of Plaintiff's earlier cases for that very reason. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See <u>Ealy v. CCA</u>, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully completed this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify,

as well as the claims raised in those cases and the final disposition can be considerable. If the Court cannot rely on the statements or responses made by litigants, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed.

Knowing that accurate disclosure of his litigation history was required, and dismissal of the instant action might result from any untruthful answers, if Plaintiff suffered no penalty for his responses, there is no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spreads around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. The Court should not allow Plaintiff's misrepresentations to go unpunished. The complaint form warns that failure to make truthful disclosures may result in a recommendation of dismissal. ECF No. 10. Plaintiff will not be prejudiced by this dismissal. He may refile his claims in a new case, on the proper form and making the requisite disclosures, subject to a new filing fee and case number.

## V. Conclusion and Recommendation

It is **ORDERED** that, Plaintiff's motion to proceed IFP, ECF No. 11, is **DENIED WITHOUT PREJUDICE**.

For the reasons stated, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history. The case should be **CLOSED** with an order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a strike.

**IN CHAMBERS** this 5th day of October, 2023.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).